UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES E. SNODGRASS,

    Petitioner,

v.                                                                            Case No. 05-C-979

PHIL KINGSTON,

    Respondent.

## ORDER

Charles Snodgrass filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner's first claim is for a violation of his speedy trial rights due to a fifteen-month delay in charging him, as well as delays stemming from the multiple attorneys involved in his

representation. His second claim involves a motion to suppress denied by the trial court; he claims that the state's search warrant affidavit was defective because it omitted relevant facts. His third claim alleges ineffective assistance of trial counsel for counsel's failures to contest certain aspects of the prosecution's presentation as well as the warrant mentioned above. Finally, he claims his post-conviction counsel was ineffective for failure to raise trial counsel's ineffectiveness as an issue.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Moreover, habeas relief can be appropriate if evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial. *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001). Likewise, the failure to receive a speedy trial can constitute grounds for habeas relief. *Danks v. Davis,* 355 F.3d 1005, 1008 (7th Cir. 2004). Thus, these are at least colorable constitutional issues.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). An initial review of the petition, to which are attached several state court decisions, indicates that the petitioner has likely exhausted these claims in state court. Accordingly, they will not be dismissed at this time.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless the respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the

2

merits of petitioner's claims (the petitioner having already filed his brief in support): (1) respondent shall have 45 days following the filing of its answer within which to file its brief in opposition to the petition; and (2) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

3

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   4th   day of January, 2006.

                                                    s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge