# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES E. SNODGRASS,

      Petitioner,

      v.                                   Case No. 05-C-0979

PHIL KINGSTON
  Warden, Waupun Correctional Institution,

      Respondent.

## DECISION AND ORDER

On September 12, 2005, the petitioner, Charles E. Snodgrass, who is currently incarcerated at the Waupun Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of burglary while armed with a dangerous weapon and first-degree sexual assault by use of a dangerous weapon, both as a repeat offender. The petitioner was sentenced to consecutive prison terms of forty and fifty years. The petitioner challenges the judgment of his conviction which was entered on April 25, 2000, in the circuit court for Wood County.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

United States District Judge William C. Griesbach conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed January 4, 2006, Judge Griesbach determined that an initial review of the petition indicated that the petitioner had likely exhausted his claims in state court. Judge Griesbach ordered the respondent, Warden Phil Kingston of Waupun Correctional Institution, to answer the petition for a writ of habeas corpus. The respondent answered the petition and the parties subsequently briefed the petition. Therefore, the petition is ready for disposition and will be addressed herein.

## APPLICABLE LAW

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996), which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-877 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and

- 2 -

mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F.Supp.2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1519 [2000]). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 120 S. Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

- 3 -

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting <u>Williams</u>, 120 S.Ct. at 1522). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. <u>Washington</u>, 219 F.3d at 628.

## RELEVANT FACTUAL BACKGROUND

On February 18, 2000, a jury convicted the petitioner of armed burglary in violation of Wis. Stat. § 943.10(2)(a) and first-degree sexual assault by use of a dangerous weapon in violation of Wis. Stat. § 940.225(1)(b). (Answer to Petition for Writ of Habeas Corpus [Answer], at Exh. A). On April 25, 2000, the trial court sentenced the petitioner to consecutive repeater-enhanced prison terms of forty years for the armed burglary and fifty years for the sexual assault. <u>Id.</u> At both trial and sentencing, the petitioner was represented by counsel.

On January 4, 2001, the petitioner, by counsel, filed a postconviction motion asserting that he was denied his right to a speedy trial and that sentencing errors were made by the trial court. The petitioner also moved for a new trial asserting that the trial court erred by denying his motion to suppress. On June 27, 2001, the trial court denied these motions. Answer at Exh. D. The petitioner appealed to the Wisconsin Court of Appeals. The court of appeals considered and rejected the same three arguments raised and rejected in the petitioner's postconviction motion. <u>Id.</u> at Exh. H. The Wisconsin Supreme Court denied the petitioner's petition for review. Answer at Exh. J.

On January 9, 2004, the petitioner filed a <u>pro se</u> petition for a writ of habeas corpus with the Wisconsin Court of Appeals. The petitioner asserted that his appellate counsel rendered ineffective assistance during his direct appeal. Answer at Exh. K. The court of appeals concluded that the petitioner failed to demonstrate prejudice as a result of his appellate

- 4 -

counsel's alleged deficient performance and denied the petition. Answer at L. The Wisconsin Supreme Court denied the petitioner's petition for review. Answer at N.

On June 16, 2004, the petitioner filed a pro se Wis. Stat. § 974.06 motion alleging ineffective assistance of trial and appellate counsel. The petitioner asserted that appellate counsel was ineffective for failing to raise three claims of trial counsel ineffectiveness: (1) failing to challenge the State's omission of facts from its search warrant affidavit; (2) failing to object to what the petitioner calls prosecutorial misconduct; and (3) failing to object to another portion of the prosecutor's closing argument which the petitioner alleged commented on his right to remain silent. Answer at Exh. O. The trial court denied the motion. Answer at Exh. P. The Wisconsin Court of Appeals held that all of the petitioner's claims were barred by State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). Answer at Exh. T. The Wisconsin Supreme Court denied review. Answer at Exh. V.

## ANALYSIS

The petitioner raises four challenges to his state court conviction: (1) denial of the right to a speedy trial; (2) state court error in denying his pretrial motion for suppression of evidence on Fourth Amendment grounds; (3) ineffectiveness of trial counsel; and (4) ineffectiveness of post-conviction counsel.

The petitioner's first claim is that he was deprived of his constitutional right to a speedy trial. The right to a speedy trial is found in the Sixth Amendment to the United States Constitution and art. I, § 7, of the Wisconsin Constitution. The analysis used to decide whether a defendant's right to a speedy trial has been violated was set forth by the United States

- 5 -

Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972), and adopted by the Wisconsin Supreme Court in Day v. State, 61 Wis. 2d 236, 212 N.W.2d 489 (1973).

In Barker, the Court noted that the right to a speedy trial is "more vague" than other procedural rights because it is "impossible to determine with precision when the right has been denied." 407 U.S. at 521. As a result, the Court in Barker adopted a four-factor balancing test, which compels courts to evaluate speedy trial cases on a case-by-case basis based on "[l]ength of delay, the reason for the delay, the defendant's assertion of his rights and prejudice to the defendant." Id. at 530.

In this case, the Wisconsin Court of Appeals rejected the petitioner's speedy trial claim and stated:

> Snodgrass argues that the charges against him should have been dismissed because his right to a speedy trial was violated. He was placed on a probation hold in August 1996. The charges were not filed until December 1997. Trial was eventually held in February 2000, after postponement of earlier trial dates for a variety of reasons.
>
> We agree with the State's argument that the pre-charging delay is not at issue in this case. The right to a speedy trial does not attach until the defendant is arrested or charged with a crime. State v. Borhegyi, 222 Wis. 2d 506, 510-11, 588 N.W.2d 89 (Ct. App. 1998). The State argues that Snodgrass's incarceration at the time charges were filed in December 1997 was the result of a sentence in an unconnected case. Snodgrass agrees, but argues that his probation hold and revocation in that case were due to the facts that would eventually form the basis of the charges in this case. However, he does not cite any portion of the record that supports this assertion. A defendant can argue that pre-charging delay has violated his right to due process, but to prevail he must demonstrate that the State deliberately delayed filing charges to obtain a tactical advantage and that this delay caused him actual prejudice in presenting his defense. State v. Monarch, 230 Wis. 2d 542, 551, 602 N.W.2d 179 (Ct. App. 1999). Snodgrass has not made these showings.
>
> As to the post-charging delay, the parties agree that the applicable factors are the length of the delay, the reason for the delay, whether the defendant asserted the right to a speedy trial and whether the delay resulted in any prejudice to the defendant. State v. Leighton, 2000 WI App 156, ¶ 6, 237 Wis. 2d 709, 616

N.W.2d 126. Prejudice is assessed in light of the defendant's interest in preventing oppressive pretrial incarceration, minimizing the accused's anxiety and concern, and limiting the possibility that the defense will be impaired. Id. at ¶ 22. Without attempting to specifically identify here the reason for each of the delays, we are satisfied that the portions attributable to the State were not excessive. Moreover, Snodgrass has not demonstrated any prejudice to his defense. Accordingly, we conclude that his right to a speedy trial was not violated.

Answer, Exh. H. at 3-4.

In determining whether the petitioner was denied his right to a speedy trial, the Wisconsin Court of Appeals reasonably and correctly applied controlling United States Supreme Court authority and rejected the petitioner's claim. First, the court of appeals properly agreed with the State's argument that the case did not present a genuine issue as to pre-charging delay. The constitutional right to a speedy trial does not attach until a person has been arrested or charged with a crime. United States v. Lovasco, 431 U.S. 783, 788-89 (1977).

In this case, there was a twenty-seven month interval between the filing of the criminal complaint and the scheduled trial date. The State agreed that this interval was "presumptively prejudicial." Nonetheless, the petitioner is not necessarily entitled to relief. A finding that a delay is presumptively prejudicial merely triggers further review of the claim under the other three Barker factors. Although the Wisconsin Court of Appeals did not specifically identify the reasons for each of the delays, this court's review of the record confirms that the delays attributable to the State were not excessive.

The trial court, in denying the petitioner's first motion asserting that his constitutional right to a speedy trial had been violated, noted that "three of the delays were at the request of the defendant for one or more reasons which resulted in the postponement of the trial." Answer, Exh. C at 3. The one delay attributable to the State involved the State moving for an adjournment because the State could not guarantee that a witness necessary to establish the

- 7 -

DNA evidence chain of custody would be available.  Id.  The court granted the State's motion to adjourn and rescheduled the trial from September 28, 1999 to December 1, 1999.  Id.  The United States Supreme Court has noted that "a valid reason, such as a missing witness, should serve to justify appropriate delay."  Barker, 514 U.S. at 532.

In addition, the petitioner fails to make a credible argument for how his defense was prejudiced.  The DNA evidence presented in this case did not change with the passage of time.  (Answer, Exh. F at 22).  The DNA evidence that was presented at trial showed that the chances were less than one in six billion that someone else with the same DNA profile as the petitioner was responsible for the sample collected from the victim.  Id.  Thus, the petitioner fails to set forth any argument as to how his defense was prejudiced or impaired by the purported denial of a speedy trial.

The petitioner's second claim is that the state court erred in denying the petitioner's motion to suppress evidence.  Claims of violations of Fourth Amendment rights are not cognizable under federal habeas corpus in the absence of a showing that the habeas petitioner had no opportunity for the full and fair litigation of the claim in the state courts.  See Stone v. Powell, 428 U.S. 465 (1976).  In Stone, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  428 U.S. at 494.  "[This] is because even if there had been an illegal search or seizure, there is no constitutional right to be vindicated through the writ of habeas corpus – there is no individual right to have improperly gathered evidence excluded from a criminal trial."  Holman v. Page, 95 F.3d 481, 489 (7th Cir. 1996).  Rather, "[t]he primary justification for the exclusionary rule . . .

- 8 -

is the deterrence of police conduct that violates Fourth Amendment rights." Id. (quoting Stone, 428 U.S. at 486). The court "determined that a fair opportunity to argue for suppression at trial and on appeal is sufficient to deter police violations of the Fourth Amendment." Holman, 95 F.3d at 489 (quoting Stone, 428 U.S. at 494-95).

The court of appeals for this circuit has consistently held that a claim is barred by Stone v. Powell if a petitioner asserts that the state court made a mistake in applying Fourth Amendment law. Turentine v. Miller, 80 F.3d 222, 225-26 (7th Cir. 1996). Review of a Fourth Amendment claim is "reserved for instances where the state court made an egregious error (e.g., failed to apply Supreme Court precedent directly on point after the argument was clearly presented), thus effectively depriving the petitioner of the ability to vindicate his federal rights in State court." Id. at 226. Therefore, Fourth Amendment claims "are not subject to collateral review merely because the federal courts would have decided the issue differently." Dortch v. O'Leary, 863 F.2d 1337, 1342 (7th Cir. 1988) (quoting United States ex rel. Maxey v. Morris, 591 F.2d 386, 389 [7th Cir. 1979]).

The Court in Stone did not specify what it meant by "an opportunity for full and fair litigation" of a Fourth Amendment claim. 428 U.S. at 494. However, the court of appeals for this circuit has stated that "[a] [petitioner] receives an opportunity for full and fair litigation of a Fourth Amendment claim when 1) the [petitioner] has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment rights and 2) the state court has carefully and thoroughly analyzed the facts and applied the proper constitutional case law to the facts." Terry v. Martin, 120 F.3d 661, 663 (7th Cir. 1997); see also, Weber v. Murphy, 15 F.3d 691, 694 (7th Cir. 1994).

The state court has not "'carefully and fully analyzed' the facts of a Fourth Amendment claim if its factual findings are not fairly supported by the record." Weber, 15 F.3d at 694. The court of appeals for this circuit has "stressed," however, that "a state court's factual findings are due a 'high measure of deference,' and are presumed correct." Id. at 694-95 (citing Sumner v. Mata, 455 U.S. 591, 598 [1982]; 28 U.S.C. § 2254[d]).

The Wisconsin Court of Appeals reviewed the petitioner's Fourth Amendment claim and concluded:

> Snodgrass argues that the search warrant to obtain physical evidence from him, in connection with the assault of another female (G.M.P.), including samplings of hair, saliva and fingernail clippings, was not supported by probable cause. In reviewing a search warrant, we determine whether the magistrate had a substantial basis to conclude that probable cause existed, and we accord great deference to the magistrate's determination. State v. Ward, 2000 WI 3, ¶ 21, 231 Wis 2d 723, 604 N.W.2d 517. The warrant affidavit set out facts showing that a crime had been committed and that evidence of the crime would be obtainable from Snodgrass. It stated that G.M.P. reported that she had been sexually assaulted in August 1996; that Snodgrass matched G.M.P.'s description of the assailant; that a probation search of Snodgrass's residence had discovered a checkbook reported stolen from a residence near G.M.P.'s on the same day as the assault and a pair of cutoff men's shorts matching G.M.P.'s description of what her assailant wore; and that a bartender said Snodgrass was at a bar within two blocks of G.M.P.'s residence at the approximate time of the assault. We conclude that the magistrate had a sufficient basis to conclude that this evidence, though circumstantial, showed probable cause to search.

(Answer, Exh. H at 2). The state court of appeals fairly analyzed the facts, applied the correct law and concluded that there was no Fourth Amendment violation. The petitioner received a full and fair opportunity to litigate his Fourth Amendment claim in the Wisconsin courts and consequently, may not make that claim a basis for federal habeas relief.

The petitioner maintains that he received ineffective assistance of trial and postconviction counsel. In particular, the petitioner asserts that trial counsel failed to challenge the State's omission of facts from its search warrant affidavit, failed to object to alleged prosecutorial

- 10 -

misconduct consisting of allegedly improper remarks concerning witness credibility by the prosecutor during closing arguments and failed to object to another portion of the prosecutor's remarks which was a comment on the petitioner's right to remain silent. <u>See</u> Petition for Writ of Habeas Corpus at 8. The petitioner also asserts he received ineffective assistance of counsel on appeal when postconviction counsel failed to raise ineffective assistance of trial counsel on these claims. <u>Id.</u> at 9. In response, the respondent contends that the petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims because the court of appeals denied them on procedural grounds.

The Wisconsin Court of Appeals held that the petitioner's claims of ineffective assistance of counsel were barred by <u>Escalona-Naranjo</u>, 185 Wis. 2d at 168. The court of appeals noted that pursuant to Wis Stat. § 974.06(4) and <u>Escalona-Naranjo</u>, a claim that could have been raised on direct appeal cannot be raise in a subsequent § 974.06 postconviction motion absent a sufficient reason for the failure to raise the claim on direct appeal. <u>See</u> <u>State v. Lo</u>, 2003 WI 107, ¶ 44, 264 Wis. 2d 1, 665 N.W.2d 756. (Wis. 2003). (Answer, Exh. T at 3).

The Wisconsin Court of Appeals stated:

> Convicted defendants are not entitled to pursue an endless succession of postconviction remedies. <u>Escalona-Naranjo</u>, 185 Wis. 2d at 185. Snodgrass has not presented any sufficient reason why he did not raise these Wis Stat. § 974.06 motion claims in his first postconviction motion in 2001 and in his habeas petition filed just over one year ago when he raised other claims of ineffective assistance of counsel. Because Snodgrass has offered no sufficient reason for his failure to raise his current claims in previous filings, his current § 974.06 motion is barred by <u>Escalona-Naranjo</u>.

Answer, Exh. T at 3. Thus, the court held that the petitioner's ineffective assistance of counsel claims were procedurally barred under the rule of <u>Escalona-Naranjo</u> by the petitioner's

- 11 -

unjustified failure to raise the claims in his initial postconviction motion and direct appeal. Answer at Exhs. O, P, Q, & T.

"If the state court declined to reach the merits of the petitioner's claim because of a procedural default, that default must constitute an independent and adequate state-law ground in order to be a bar to federal habeas relief." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000). Whether the ground is independent depends on state law and whether it is adequate depends on federal law. Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir. 1997). A procedural default constitutes an independent state law ground if "the last state court to consider the question actually relied on procedural default as the basis for its decision." Braun, 227 F.3d at 912 (citing Willis v. Aiken, 8 F.3d 556, 561 [7th Cir. 1993]). The state court must have "'clearly and expressly' relied on the procedural default as the basis of its ruling." Id. (quoting Harris v. Reed, 489 U.S. 255, 263 [1989]).

"To be an adequate ground of decision, the state's procedural rule must be both 'firmly established and regularly followed.'" Braun, 227 F.3d at 912 (quotations omitted). It must be applied in a "consistent and principled way; it cannot be employed infrequently, unexpectedly, or freakishly." Id. (quotations omitted). Moreover, "[t]he state rule of practice must have been in place, and enforced, 'by the time as of which it is to be applied.'" Liegakos, 106 F.3d at 1385 (quoting Ford v. Georgia, 498 U.S. 411, 424 [1991]). The disposition of the last state court to issue an opinion determines whether the state has invoked a ground of forfeiture. Liegakos, 106 F.3d at 1385. Here, the last state court to consider the issue, the Wisconsin Court of Appeals, relied on procedural default as the basis of its decision to not address the petitioner's

Case 1:05-cv-00979-PJG   Filed 05/27/08   Page 12 of 14   Document 22

additional arguments claiming he received ineffective assistance of counsel.  (Answer, Exh. T at 3).

Nevertheless, federal review of the petitioner's claim still may be available "if the petitioner can show cause and prejudice for [his] failure to exhaust [his] claims, or if a failure to review them on these procedural grounds would result in a fundamental miscarriage of justice." Howard v. O'Sullivan, 185 F.3d 721, 726 (7th Cir. 1999).  A "fundamental miscarriage of justice" is shown where "a constitutional violation has probably resulted in the conviction of one who is actually innocent . . .."  Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999) (quoting Murray v. Carrier, 477 U.S. 478, 495-96 [1986]).  "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him."  Rodriguez, 193 F.3d at 917.

The petitioner has not presented any evidence pertaining to the cause for his procedural default.  Additionally, the petitioner has not attempted to show [and there is nothing in the record to show] that he was wrongly convicted.  See Howard, 185 F.3d at 726.  In other words, the petitioner has not "made an attempt to show actual innocence, as opposed to legal innocence, as required to support the finding of a fundamental miscarriage of justice."  Spreitzer v. Schomig, 219 F.3d 639, 648-49 (7th Cir. 2000).  The petitioner has failed "to show that it is more likely than not that no reasonable juror would have convicted him."  Rodriguez, 193 F.3d at 917.  Therefore, this court is barred from reviewing the petitioner's additional claims regarding alleged ineffective assistance of counsel.

In conclusion, the decision of the Wisconsin courts was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme

- 13 -

Court of the United States.  Therefore, in light of the foregoing, the petitioner's petition for a writ of habeas corpus will be denied.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th  day of May, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge